| 45 | 97 |
|----|-----|
| 54 | 228 |

## FLUTY v. STATE.

1. JUSTICE OF THE PEACE. *Effect of judgment as committing court.*

   When a justice of the peace, as an examining court on a charge of assault with intent to kill, in which the defendant pleads not guilty, finds the defendant "not guilty" and discharges him, the judgment will be presumed to relate to the felony only, unless it affirmatively appears otherwise, and will be no bar to a subsequent indictment for the same or an inferior assault.

2. CRIMINAL PLEADING. *Former acquittal.*

   When to an indictment in the circuit court the defendant pleads a former acquittal by a justice of the peace, and exhibits the justice's record with his plea, the record will control the allegations of the plea, and if it shows no acquittal a demurrer to the plea will be sustained.

APPEAL from *Baxter* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

6——45

Fluty v. State.

### STATEMENT.

To an indictment for an aggravated assault by shooting, with intent to inflict great bodily injury, the defendant pleaded former acquittal before a justice of the peace; alleging that he· had been arrested and carried before a justice of the peace for examination, and tried upon a charge of an assault with intent to kill; that he pleaded not guilty, and upon examination the justice found the evidence insufficient to charge him with a felony, and upon his plea of "not guilty" found him not guilty of any offense whatever and discharged him; and with this plea he exhibited the transcript of the proceeding before the justice in which the justice found that "the evidence is not sufficient to bind the defendant over for trial, and finding the defendant not guilty it is, therefore, adjudged that the defendant be discharged," &c. A demurrer to the plea was sustained, and after verdict and judgment against him the defendant appealed.

*Z. M. Horton* for Appellant.

Appellant contends that the evidence does not sustain the verdict, and that considerable provocation on the part of the prosecutor was shown, and that the evidence fails to show an abandoned and malignant disposition on the part of appellant, hence no evidence to sustain the verdict. See *Gantt's Digest, 1298.* Submits following propositions:

1st. Demurrer being general goes only to the substance of the plea. *Bishop Crim. Proc., Vol. I, 775.*

2d. Justice of the peace had jurisdiction of the offense. *Gantt's Digest, 1642, 5th subdivision.*

3d. Having jurisdiction of person of defendant, it was his duty to examine as to felony contained in charge, and if none, try as to misdemeanor if disclosed by the evidence, and it is

clear that such was the intention of the justice of the peace and parties at the time of submission.   *Gantt's Digest, 1708–9–10.*

4th.   No written pleadings required to give justice of the peace jurisdiction to try case.   *Gantt's Digest, 2039,* and transcript not void for failing to show that defendant waived jury. Defendant's failure to demand a jury is a waiver.   *Gantt's Digest, 2048.*

5th.   Transcript showing that justice had jurisdiction of the action and of the person of the defendant, his proceedings will not be held void when attacked collaterally; on the contrary regularity will be presumed.   See *16 Ark., 104; 33 Ark., 487; Freeman on Judgments, Secs. 520, 524.*

6th.   When defendant was put upon trial on plea of not guilty before the justice of the peace, the court having jurisdiction of his person and the offense, he is presumed to have been insisting on a speedy trial, and when the evidence was submitted to the court, and the same being submitted for *trial* as well as examination, imprisonment being part of the punishment, jeopardy of his liberty attached.   See *Lee v. State, 26 Ark., 260; 38 Ark., 550; Freeman on Judgments, 318.*

7th.   The plea contains all the necessary averments.   See *Bish. Crim. Proc., Vol. I, Secs, 808, 809, 814, 815.*   Justice could have been required to amend his docket for the purpose of evidence.   *Freeman on Judgments, Secs. 38, 53, 53a.*


*D. W. Jones,* Attorney General, *contra.*


As to the plea of former acquittal:—This seems to have been abandoned, both in the motion for the new trial and in the bill of exceptions.   We have the bare recital of the record that such a plea was filed, and that a demurrer was interposed to it by the State and sustained by the court; but the plea

itself was not properly brought upon the record, and the mere fact of such a paper being incorporated by the clerk into the transcript does not make it part of the record. If, however, this irregularity should be waived and the plea exhibited in the transcript should be taken as properly a part of the record, still the circuit court was right in sustaining a demurrer to it; because, the docket of the justice of the peace, exhibited with said plea and as a part of it, merely shows an examination of the defendant upon a charge of felony, and no effort of a trial for the misdemeanor charged in the indictment. Although the justice might and should have tried the defendant for the misdemeanor, after determining that no felony had been committed; *Sec. 2034, Mansf. Dig.;* still his said docket entries show that he did not discharge this duty. Consequently, there had been no former trial and no acquittal for the offense charged in the indictment.

COCKRILL, C. J. In criminal cases a justice of the peace acts in a two-fold capacity; that of an examining magistrate, preparatory to binding parties to answer before the circuit court upon presentment to be made by the grand jury; and second, that of a court competent to exercise jurisdiction concurrent with the circuit court to try and determine causes. The record exhibited with the plea in this case shows that the magistrate began the investigation of a charge of an assault with intent to kill, preferred against the appellant, in the capacity first mentioned, and there is nothing to indicate that he acted in any other capacity in the progress of the investigation. Having assumed jurisdiction in the manner pointed out by the statute for the purpose of ascertaining whether there was reasonable ground to believe a felony had been committed, the finding of not guilty and the order discharging the appellant from custody, are presumed to relate to the charge of felony only, in the absence of an affirmative showing of an intention

to put into exercise the power to hear and determine a matter in which he could give judgment of conviction or acquittal. When a justice of the peace sits for the trial of causes, his is an inferior court, and nothing is intended in favor of the jurisdiction. The proceedings must disclose such facts as constitute a case within his jurisdiction. *McClure v. Hill, 36 Ark., 268; Levy v. Shurman, 6 Ib., 182; Latham v. Jones, Ib., 371.* As an examining court he had jurisdiction to hear the charge and discharge the prisoner, but while acting in that capacity his finding and order of discharge are not a bar to a future prosecution.

Formal and exact records are not required of justices of the peace, and when they fail to recite correctly the proceeding had before the magistrate, the courts are liberal in aiding parties to compel them to speak the truth by amendment, and the circuit court in this case would doubtless have aided the appellant in this way if he was entitled to such relief and had asked it. There was no suggestion, however, that the record of the justice did not speak the whole truth. The plea relies upon it to verify its allegations and brings it before the court for that purpose, and it was the court's duty to declare its legal effect. The record, as we have seen, did not show an acquittal, and as it controls and qualifies the allegations of the plea, the demurrer was properly sustained. This is the established practice in such cases. *Commonwealth v. Harris, 8 Gray, 478; Commonwealth v. Trimmer, 84 Penn., 65; James Bradley v. State, 32 Ark., 722; Johnson v. State, 29 Ib., 31; Atkins v. State, 16 Ib., 568; 1 Bish. Cr. Pr., Secs. 810, 814; 2 Hales. P. C., 242-3.*

The only other point raised goes to the sufficiency of the proof to sustain the verdict. There was evidence to support it and we will not interfere with the jury's province.

Affirm.